## BENTON FUEL CO. v. O. W. SHIPMAN CO.[1]

1. SALES—CONSTRUCTION OF CONTRACT—FAILURE TO DELIVER— DAMAGES.

> Where a contract for the sale of coal required it to be shipped during three consecutive months, defendant's requested instruction, in an action for damages for nondelivery, that it was entitled to the full period of three months for the delivery of the coal, and that plaintiff had no right to purchase coal in the meantime, and charge the excess in price to defendant, was properly refused, since the parties, by their contract, contemplated a delivery of part of the coal each month.

2. SAME—INSTRUCTIONS—SET-OFF.

> Defendant claimed a credit for coal delivered outside the contract, and for coal delivered under the contract; and the trial judge said to the jury that it was agreed, in reference to the former claim, that, if a plea of set-off was necessary, the pleadings might be amended accordingly, and, if the question were passed upon by the jury, it would be a bar to any suit for coal delivered outside the contract; and that no plea was necessary for coal delivered under the contract. *Held,* sufficient to advise the jury that the two amounts were to be

---

[1] Rehearing denied July 8, 1904.

allowed to defendant, and it was not error to fail to direct the jury, in express terms, to deduct them from any damages they might find plaintiff had suffered.

3. SAME—RESTRICTION OF DAMAGES.

  Plaintiff wrote defendant for a quotation on a quantity of a specified kind of coal for schoolhouse use, and subsequent correspondence resulted in a contract for the sale of coal of the kind specified. *Held,* that it was not contemplated by the parties that the coal was to be used exclusively for schoolhouses, and plaintiff's damages for nondelivery should not be limited to its loss on coal used for such purpose.

Error to Wayne; Frazer, J. Submitted April 5, 1904. (Docket No. 5.) Decided May 17, 1904.

*Assumpsit* by the Benton Fuel Company against the O. W. Shipman Company for the breach of a contract to furnish certain coal. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff, a corporation, a dealer in coal at Benton Harbor, Mich., on July 10, 1902, wrote to defendant, a coal dealer in Detroit, buying the output of mines and selling to jobbers and retail dealers, the following letter:

"At what price can you furnish us 500 or 600 tons Jackson Ohio lump coal for schoolhouse use, to be shipped during August, September, and October? Your early reply will oblige."

To this defendant replied:

"We have yours of the 10th, asking for price on from five to six hundred tons of Jackson Hill lump coal, to be shipped during August, September, and October. We beg to quote you price f. o. b. Benton Harbor of $3.10. On this quotation we should expect to be allowed to ship as much of this order as possible during the month of August and fore part of September."

Printed in red ink on the margin of this letter is the following:

"The conditions of sale on back of this sheet are absolutely the only manner in which we will make sales."

On the back of said Exhibit 2, printed in red ink, is the following condition, the only one material to the issue:

"All sales and deliveries of coal are made subject to delays and losses in railroad transportation; to combinations, turnouts, or strikes among miners, or any cause beyond our control."

To this letter plaintiff replied:

"Yours of the 11th received. Please enter our order for 600 tons Jackson Hill Ohio lump coal at $3.10, to be shipped during August, September, and October, as per our inquiry of July 10th. We have no objections to your shipping a large part of the order during August and September, if you find it necessary to do so."

To this defendant replied:

"We have yours of the 15th, placing your order for 600 tons of Jackson Hill lump, to be shipped during August, September, and October, which has been placed with the mine, with request that the principal part of this order be shipped during August and September, and final shipment to be completed during the month of October. In case you find coal is not reaching you fast enough, kindly call our attention to same."

The above correspondence constituted the contract. Two car loads—53 tons—were shipped under it. Defendant had sold to another dealer in Benton Harbor eight cars of coal of another kind, which that dealer refused to accept. These cars remained in the yard of the railroad company, undelivered, until the demurrage, with the freight, amounted to $628.85. Defendant called plaintiff by telephone on July 29th, and an agreement was reached by which plaintiff agreed to buy those eight car loads at $3 per ton. Plaintiff contended that this purchase had no reference to the contract here involved, while the defendant insisted that it was to apply on that contract. That issue was submitted to the jury. After plaintiff paid the freight and demurrage, there was due from plaintiff to defendant only $87.38. There was also due for the two car loads delivered $86.30. These amounts plaintiff has never paid.

Plaintiff brought suit to recover damages for the failure of the defendant to deliver the coal. The plea was the general issue. During the progress of the trial, the court held that it was not necessary to plead set-off as to the amount due for the coal delivered under the contract, but that, if the eight cars were not delivered under the contract, notice of set-off was essential. It was then agreed that the plea should be considered as amended to admit a set-off, and end all litigation about the matter. The case was submitted to the jury, who rendered a verdict for plaintiff for $487.81.

*Corliss, Andrus, Leete & Joslyn*, for appellant.

*G. M. Valentine* and *Barbour & Field*, for appellee.

Grant, J. (*after stating the facts*).    1. Defendant requested the court to instruct the jury as follows:

" 'Defendant was entitled to the full period to and including October 31, 1902, for the delivery of the coal under its contract, and the plaintiff had no right to purchase coal before that date upon the open market, and charge excess of price to defendant.'

" If the court refuses to give this request, then defendant submits:

" ' The defendant having the right to deliver coal during August, September, and October, 1902, the damages, if any, awarded, must be based on *pro rata* delivery during each month, in equal installments, and the difference between the contract price and the market price on the last day of each month, August, September, and October, for each month's proportionate delivery, is the measure of plaintiff's damages.' "

We think the parties, by their contract, contemplated a delivery of a part of the coal each month, and that the first part of the instruction was properly refused. The latter part of the instruction was in accord with the theory of the defendant throughout the taking of testimony.[1] The defendant's attorney objected to any testimony of the price .

---

[1] This part of the instruction was given, in substance.

of coal " unless it is limited to the last day of each month during the contract."

2. It is alleged as error that the court did not, as requested, direct the jury to deduct from any damages they might find plaintiff had suffered the balance due for coal delivered.    The court did say to the jury:

"It is agreed on this question that, if a set-off is necessary, these pleadings may be amended so that a set-off may be pleaded.    At any rate, if it is passed upon by you under the charge I have given you, it would be a bar to any other suit concerning these eight cars of coal."

It is true that the court did not, in express terms, as he might properly have done, direct the jury to allow this set-off.    But the amendment was allowed in the presence of the jury for the sole purpose of ending all litigation between them.    Besides, the court said, in the presence of the jury, that no plea of set-off was necessary as to the coal delivered under the contract.    Any jury of intelligence would understand that these two amounts were to be allowed to defendant.    We are also of the opinion that the jury did deduct them.    There was no dispute about the amount of the coal, and the price of coal on the last day of each month was established by the evidence.

3. It is urged that the court erred in not instructing the jury that, if plaintiff sustained no loss on coal used for school purposes, it could not recover.    It was not contemplated by the parties that this coal was to be used exclusively for schoolhouses.    Plaintiff did not contract to use it solely for that purpose.    It made no difference to defendant to whom or for what use plaintiff might sell it. Defendant contracted to furnish the coal for whatever purpose plaintiff might desire to use it.    The jury, under proper instructions, found that defendant had no legal excuse for not fulfilling its contract.

We find no error upon the record, and the judgment is affirmed.

The other Justices concurred.